**[ORAL ARGUMENT SCHEDULED FOR FEBRUARY 23, 2021]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DONALD MCGAHN, II,<br><br>Defendant-Appellant. | No. 19-5331 |

**DEFENDANT-APPELLANT'S MOTION
TO POSTPONE ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 27, Defendant-Appellant respectfully moves to postpone oral argument so that the parties can explore an accommodation that could resolve this dispute. Oral argument is currently scheduled for February 23, 2021. This motion is opposed.

**1.** The House Committee on the Judiciary of the 116th Congress brought this suit to compel the testimony of Donald F. McGahn, II, former Counsel to President Donald J. Trump. The district court held that it could properly hear the Committee's complaint, and it ordered Mr. McGahn to appear and testify before the Committee. After concluding en banc that the Committee has Article III standing, *see Committee on the Judiciary of the U.S. House of Representatives v. McGahn*, 968 F.3d 755 (D.C. Cir. 2020)

(en banc), this Court granted en banc review for a second time and asked the parties to address whether the case would become moot when the 116th Congress came to an end, whether there is statutory subject-matter jurisdiction over the Committee's complaint, whether the Committee has a cause of action, and whether the Committee may constitutionally compel the testimony of a close presidential advisor. The en banc appeal has been fully briefed, and oral argument is scheduled for February 23, 2021.

**2.** Since briefing was completed in this case, there has been a change in Administrations. The new Administration wishes to explore whether an accommodation might be available with respect to the Committee's request. Discussions among the relevant parties have begun, and the new Administration believes the parties would benefit from additional time to pursue these discussions.

Accordingly, although the Executive Branch is prepared to proceed with the en banc argument as scheduled, we respectfully request that the Court postpone oral argument for at least 45 days, to a date that is convenient for the Court. This case implicates "nerve-center constitutional questions" concerning the respective constitutional prerogatives of Congress and the President. *United States v. AT&T I*, 551 F.2d 384, 394 (D.C. Cir. 1976). As this Court has stressed, "[a] compromise worked out between the branches is most likely to meet their essential needs and the country's constitutional balance." *Id.* at 390. It is in the interest of all concerned to allow sufficient time and opportunity for the Branches to seek a compromise in this

case. In these circumstances, there is "extraordinary cause" to remove this case from the February 23, 2021 oral argument calendar. *See* D.C. Circuit Rule 34(g).

If the requested postponement is granted, the Executive Branch proposes to inform the Court of the progress of the parties' discussions on or before March 25, 2021.

**3.** Counsel for the Committee, Douglas Letter, represents that the Committee opposes this motion and intends to file a response.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court postpone the February 23, 2021 oral argument.

Respectfully submitted,

MARK R. FREEMAN
MICHAEL S. RAAB

**/s/ Courtney L. Dixon**
COURTNEY L. DIXON
(202) 353-8189
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7246
Washington, D.C. 20530

FEBRUARY 2021

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished automatically by the appellate CM/ECF system.

**/s/ Courtney L. Dixon**
COURTNEY L. DIXON

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Garamond font, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 470 words, according to the count of Microsoft Word.

**/s/ Courtney L. Dixon**
COURTNEY L. DIXON