# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

COMMITTEE ON THE JUDICIARY OF THE
UNITED STATES HOUSE OF REPRESENTATIVES,

*Appellee,*

*v.*

DONALD F. MCGAHN, II,

*Appellant.*

On Appeal from the United States District Court for the District of Columbia
(No. 1:19-cv-2379) (Hon. Ketanji Brown Jackson, District Judge)

## JOINT MOTION TO DISMISS APPEAL, AND CONSENT MOTION TO VACATE PANEL OPINION

The Committee on the Judiciary and the Executive Branch, as represented by the Department of Justice, file this motion pursuant to their accommodation agreement, which is attached to this motion as an addendum. First, the parties jointly ask the Court to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b). Second, the Committee seeks vacatur of the panel opinion that this Court agreed to rehear en banc. While the Executive Branch believes the panel's opinion was correct, it also agrees that the en banc Court should vacate that opinion in the interest of accommodation between the branches.

## I. Dismissal Of The Appeal

Pursuant to Federal Rule of Appellate Procedure 42(b), the parties ask this Court to dismiss this appeal. As explained in the parties' joint motion to postpone the oral argument filed on May 12, 2021, the parties reached an agreement on accommodation with respect to the Committee's subpoena to former White House Counsel Donald F. McGahn, II. Pursuant to that agreement, the Executive Branch agreed not to assert testimonial immunity and to allow Mr. McGahn to appear before the Judiciary Committee for a transcribed interview, according to the terms set forth in the agreement. Mr. McGahn so appeared and answered the questions posed to him on June 4. The Committee released the transcript of the interview on June 9. In light of Mr. McGahn's testimony, further litigation to enforce the subpoena is unnecessary. The parties therefore request that the Court dismiss this appeal. Each party will bear its own costs and any fees that may be due.

## II. Vacatur Of The Panel Opinion[1]

In addition, pursuant to the agreement reached between the parties to resolve this dispute, the Committee moves for the Court to vacate the three-judge panel's opinion in this case. *See Committee on Judiciary v. McGahn*, 973 F.3d 121 (D.C. Cir. 2020). Although this en banc Court already vacated

---

[1] This portion of the filing is submitted by the Committee alone.

the panel's judgment, the Committee seeks vacatur of the panel's opinion to remove any doubt that this opinion is not the binding law of this Circuit. As noted above, although the Executive Branch believes that the panel opinion was correct, it agrees that the Court should vacate the opinion.

1. The panel in this case initially held that the Committee lacked Article III standing to enforce its subpoena to Mr. McGahn. *See Committee on Judiciary v. McGahn*, 951 F.3d 510 (D.C. Cir. 2020). This Court granted rehearing en banc, rejected the panel's reasoning, reversed the panel's conclusion, and remanded to the panel for consideration of the remaining issues in the case. *See Committee on Judiciary v. McGahn*, 968 F.3d 755 (D.C. Cir. 2020) (en banc).

On remand, the panel nevertheless ruled that the Committee lacked a cause of action to enforce its subpoena to Mr. McGahn. *See* 973 F.3d at 125. This Court once again ordered rehearing en banc so that the full Court could consider the Committee's cause of action and the remaining issues in the case. *See* Order, No. 19-5331 (Oct. 15, 2020). Pursuant to D.C. Circuit Rule 35(d), in its order granting rehearing en banc, this Court vacated the panel's judgment, but not its opinion. After engaging in the accommodation process that this Court requires in informational disputes between the political branches, the parties then reached an agreement to resolve their dispute before the en banc Court had an opportunity to review the panel's decision.

3

Because the full Court has already vacated the panel's judgment, the panel's opinion alone has no precedential authority. The Supreme Court has instructed that, "[o]f necessity [a] decision vacating the *judgment* of the Court of Appeals deprives that court's *opinion* of precedential effect." *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975) (emphases added); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 634 (1979) (same). Accordingly, the Supreme Court routinely vacates court of appeals judgments without additionally vacating the accompanying opinions—a practice that would make little sense if those opinions continued to serve as binding precedent. *See* Stephen M. Shapiro et al., Supreme Court Practice § 4.I.5 (10th ed. 2013) (discussing the Supreme Court's "GVR" practice). Other courts of appeals have similarly concluded that vacatur of a judgment deprives the underlying opinion of precedential effect.[2]

---

[2] *Haskell v. Superintendent Greene SCI*, 866 F.3d 139, 149 (3d Cir. 2017) ("Because an order of the Supreme Court 'vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect,' we have explicitly recognized that [our prior decision] is no longer binding precedent"); *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 68 (2d Cir. 2013) (noting after the Second Circuit vacated a prior judgment that "vacatur dissipates precedential force"); *Brown v. Bryan Cnty.*, 219 F.3d 450, 453 n.1 (5th Cir. 2000) (prior opinion no longer controlling after vacatur of the judgment); *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 30 F.3d 367, 372 (2d Cir. 1994) (where the Supreme Court vacated a judgment due to mootness, the decision was "deprived of precedential effect").

Moreover, in its prior en banc ruling in this case, this Court recognized no distinction between vacatur of an opinion and vacatur of a judgment. *See McGahn*, 968 F.3d at 778 (referring to "panel opinions that have been vacated by the order granting the Committee's petition for rehearing *en banc*," even though only the panel's judgment had been vacated); *see also McCutcheon v. FEC*, 496 F. Supp. 3d 318, 334 (D.D.C. 2020) (noting that "[t]he decision of the split panel of the D.C. Circuit in *McGahn* was since vacated pending rehearing en banc").

Vacatur of the panel's opinion is nevertheless warranted here given potential confusion about the status of the opinion. During the prior Administration, the Executive Branch argued that the panel's first opinion in this case remained binding precedent even after the panel's judgment had been vacated. *See* Joint Status Report at 2-3, *Committee on Oversight and Reform v. Barr*, No. 19-cv-3557 (D.D.C.) (Mar. 20, 2020) (arguing that, "[w]hile the D.C. Circuit has agreed to re-hear *McGahn* en banc and vacated the panel's judgment, it has not vacated the panel opinion," and the opinion therefore is "current circuit law"). A district court in this Circuit suggested that it agreed with this view. *See* Order at 6, *Committee on Ways & Means v. Department of the Treasury*, No. 19-cv-1974 (D.D.C.) (Mar. 20, 2020) (noting that vacatur of the panel's judgment in *McGahn* "suggests that the panel opinion has not in fact been vacated, which in turns suggests that it

5

remains binding precedent"). Vacatur of the panel's opinion will ensure that there can be no misunderstanding about this point and will confirm that the panel's opinion is not controlling in future cases.

2. This result is warranted because vacatur is a form of equitable relief that must "take account of the public interest." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). The public interest strongly favors vacatur here. Indeed, in the Committee's view, there is no valid public interest in denying this relief.

The Committee regarded vacatur as an essential part of the accommodation reached by the parties in this interbranch dispute. This Court has required the Legislative and Executive Branches to engage in good-faith accommodation efforts to resolve their disputes whenever possible before a judicial decision will be rendered. As this Court explained decades ago, interbranch disputes should be governed by "a spirit of dynamic compromise," and should "take cognizance of an implicit constitutional mandate to seek optimal accommodation." *United States v. Am. Tel. & Tel. Co.*, 567 F.2d 121, 127 (D.C. Cir. 1977). And the en banc Court in this case highlighted the "parties' historical responsibility to engage in negotiations to resolve their interbranch informational disputes." *McGahn*, 968 F.3d at 772.

Here, after the new Administration took over, the parties were able to fully engage in the constitutionally mandated accommodations process,

which resulted in an agreement obviating the need for a ruling by this Court. Vacatur of the panel's opinion was central to the Committee's agreement to settle. The Executive Branch agreed as part of the settlement to consent to this relief. This Court should now enforce that agreement between the political branches, lest the accommodation process be undermined for the future. *See Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (granting vacatur in part to avoid "a gratuitous conflict with a co-equal branch of government").

The public interest also demands vacatur of the panel's opinion given that vacatur preserves the status quo that has long governed informational disputes between Congress and the Executive Branch. As this Court explained in its en banc opinion, "permitting Congress to bring this lawsuit *preserves* the power of subpoena that the House of Representatives is already understood to possess." 968 F.3d at 771 (emphasis added). This Court reasoned that, "[w]ithout the possibility of enforcement of a subpoena issued by a House of Congress, the Executive Branch faces little incentive to reach a negotiated agreement in an informational dispute." *Id.* By holding that the House lacks a cause of action to enforce its subpoenas, however, the panel's opinion disrupted this settled understanding and substantially weakened the Executive Branch's incentive to accommodate Congress. Vacating the panel opinion here ensures that the Executive Branch

7

continues to have the same incentive to cooperate with Congress in informational disputes that has helped to foster interbranch cooperation for many decades.

We recognize that the Supreme Court has held that vacatur of a judgment is normally not warranted where a case is mooted by a settlement. *See Bonner Mall*, 513 U.S. at 26. But the reasons governing this default rule do not apply here—both because this Court has already vacated the panel's judgment, and because this was not a private settlement but an accommodation between the political branches.

In *Bonner Mall*, the Court held that mootness by settlement normally "does not justify vacatur of a judgment under review." *Id.* at 29. The Court reasoned that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole," and therefore should not be vacated due to the parties' private agreement to settle. *Id.* at 26. Here, by contrast, this Court has *already* vacated the panel's judgment, and the only question is whether to vacate the panel's opinion as well. Unlike in *Bonner Mall*, the panel's opinion is not "presumptively valid" given that the underlying judgment has been vacated. To the contrary, vacatur of the panel's opinion in these circumstances would clarify the law and help prevent needless future disputes about the precedential effect of the opinion.

8

Furthermore, *Bonner Mall* did not involve an interbranch dispute like this one.  As this Court has explained, "the social value of [a] precedent" normally outweighs the interest in settlement, and precedent therefore should not become "a bargaining chip in the process of settlement."  *In re U.S.*, 927 F.2d 626, 628 (D.C. Cir. 1991).  But the relevant balance is different in interbranch disputes.  Here, the public has a paramount interest in fostering settlements between the political branches and reducing interbranch litigation.  This public interest outweighs any interest in preserving a panel opinion in a case where the underlying judgment has already been vacated.

3.  Vacating the panel's opinion is consistent with D.C. Circuit Rule 35(d), which provides that "[i]f rehearing en banc is granted, the panel's judgment, but ordinarily not its opinion, will be vacated."  This rule enables the en banc Court to perform a "law-clarifying function" by undertaking only "limited en banc disposition"—thus "segregating legal issues requiring the attention of the full court from the remainder" of the panel opinion under review.  *Church of Scientology of Cal. v. IRS*, 792 F.2d 153, 155-56 n.1 (D.C. Cir. 1986) (en banc) (Scalia, J.).  Declining to vacate a panel opinion upon the grant of rehearing en banc ensures that any portions of the opinion that ultimately survive en banc review can serve as Circuit precedent upon the issuance of the en banc Court's judgment.  But a panel opinion does not

continue to serve as Circuit precedent where, as here, the Court grants rehearing en banc, vacates the panel's judgment, and never issues its own judgment indicating any portions of the panel opinion that remain valid. The Committee therefore requests that the Court vacate the panel opinion.

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court dismiss the appeal. The Committee additionally requests that the Court vacate the panel's opinion.

Respectfully submitted,

June 10, 2021

/s/ *Mark R. Freeman*
MARK R. FREEMAN
MICHAEL S. RAAB
COURTNEY L. DIXON
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Room 7246
  Washington, D.C. 20530

*Counsel for Appellant*

/s/ *Douglas N. Letter*
Douglas N. Letter
*General Counsel*
Todd B. Tatelman
Megan Barbero
William E. Havemann
Eric R. Columbus
Office of General Counsel
U.S. House Of Representatives
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Appellee*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook font, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,076 words, according to the count of Microsoft Word.

*/s/ Douglas N. Letter*
Douglas N. Letter

# CERTIFICATE OF SERVICE

I certify that on June 10, 2021, I filed the foregoing document via the CM/ECF system of the United States Court of Appeals for the District of Columbia Circuit, which I understand caused service on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter

# ADDENDUM

# Agreement Concerning Accommodation

# Committee on the Judiciary, U.S. House of Representatives v. McGahn
# No. 19-5331 (D.C. Cir.)

This document describes the terms of an accommodation between the Committee on the Judiciary and the Executive Branch as represented by the Department of Justice. The accommodation is intended to end the litigation in *Committee on the Judiciary, U.S. House of Representatives v. McGahn*, which is now pending before the en banc D.C. Circuit ("McGahn Litigation").

Format of Interview

- The Committee will conduct a transcribed interview of Mr. McGahn rather than calling Mr. McGahn to testify at a public hearing.

- The following counsel may attend the interview: counsel for the Committee majority, counsel for the Committee minority, private counsel for Mr. McGahn, and counsel from the Department of Justice.

- Members of the public, the press, and Members of Congress who are not on the Judiciary Committee will not be permitted to attend the interview.

- The interview will be conducted as soon as possible, consistent with needed preparation time and the availability of Mr. McGahn and counsel.

- A transcript of the interview will be created and promptly provided to all involved parties. The parties will have a reasonable amount of time, not to exceed seven calendar days, to review the transcript for accuracy before it is released.

- The Committee Chair will ask all Members and Committee staff to maintain the confidentiality of the interview until the transcript is released publicly.

Scope of Interview

- The interview of Mr. McGahn will be limited to the following topics:

    1. Information attributed to Mr. McGahn in the publicly available portions of the Mueller Report and events that the publicly available portions of the Mueller Report indicate involved Mr. McGahn. (Communications between Mr. McGahn and other Executive Branch officials that are not disclosed in the publicly available portions of the Mueller Report are outside of the scope of the interview.)

    2. Whether the Mueller Report accurately reflected Mr. McGahn's statements to the Special Counsel's Office, and whether those statements were truthful.

- Mr. McGahn will be free to decline to answer questions outside of the agreed-upon scope of questioning and counsel from the Department of Justice may instruct Mr. McGahn not to answer such questions.

- No assertions of executive privilege will be made with respect to information provided by Mr. McGahn to the Special Counsel and attributed to Mr. McGahn in the publicly available portions of the Mueller Report. But counsel from the Department of Justice otherwise retain the right to assert executive privilege. The Committee retains its rights to challenge any assertion of privilege.

Litigation

- Upon entry into this agreement, the Committee and the Department of Justice will jointly move to postpone the oral argument currently scheduled for May 19, 2021 before the D.C. Circuit en banc in the McGahn Litigation (No. 19-5331), on the ground that the Committee and the Department of Justice have reached an agreement in principle to settle the McGahn Litigation.

- Upon completion of the transcribed interview of Mr. McGahn, the parties will file a motion in the D.C. Circuit. In the motion, the parties will jointly ask the D.C. Circuit to dismiss the appeal in the McGahn Litigation (No. 19-5331) under Fed. R. App. P. 42(b) on the ground that the parties have reached a settlement. The parties will specify that each party will pay its own costs as well as any fees that may be due. In the motion, the Committee will simultaneously ask the D.C. Circuit to vacate the three-judge panel opinion that it agreed to rehear en banc. *See Committee on Judiciary of U.S. House of Representatives v. McGahn*, 973 F.3d 121 (D.C. Cir. 2020). The Committee will represent in the motion that the Executive Branch believes that the panel opinion was correct but, in the interest of accommodation between the branches, agrees that the Court should vacate the panel opinion.

- If the D.C. Circuit dismisses the appeal, the Committee will promptly move in the U.S. District Court for D.C. to dismiss its complaint in the McGahn Litigation (No. 1:19-cv-02379).

- The Committee and the Executive Branch agree that to the extent it becomes necessary in this and any future proceedings, the parties will support this accommodation as an appropriate resolution of the dispute between the branches, without prejudice to either party's ability to advocate for their positions on any legal issues that may be raised.

For the Committee on the Judiciary,
U.S. House of Representatives:

_/s/ Douglas N. Letter_
DOUGLAS N. LETTER
  General Counsel
  U.S. House of Representatives
  5140 O'Neil House Office Building
  Washington, D.C. 20515

Dated: 5/12/2021

For the U.S. Department of Justice:

_Brian M. Boynton_
BRIAN M. BOYNTON
   Acting Assistant Attorney General
   U.S. Department of Justice, Civil Division
   950 Pennsylvania Avenue N.W.
   Washington, DC 20530

Dated: 5-12-2021